## Rapp v. Pardo et al.

*Irving L. Epstein*, for complainant.
*Nogi, O'Malley & Harris*, for respondents.

HOBAN, P. J., June 1, 1949.—This is a bill in equity seeking discovery of certain financial information within control of defendants in order to aid plaintiff in preparation of his pleadings in an action of assumpsit. Preliminary objections were filed to the bill and were dismissed by our opinion of February 21, 1949. In that opinion we held that on the facts averred in the bill plaintiff was entitled to discovery, even though there might be a remedy at law by accounting, since discovery is authorized as a more convenient remedy. We directed that a responsive answer should be filed. To the answer which was then filed plaintiff now presents preliminary objections, in accordance with Equity Rule 55.

The only relief sought by the bill is discovery. Therefore, the question raised by these objections is whether or not the answer is sufficient to call for a trial on that issue. Obviously, the answer, which challenges the right to discovery, may create issues of fact which are also germane to the defense in a con-

templated action at law. The position of plaintiff now is that the answer raises issues which are proper only to the action at law and not to the basic right to discovery in aid of that action.

We justified dismissing the preliminary objections to the bill itself on the ground that equity furnished a more convenient remedy. In the face of this answer we are forced to reëxamine the question of convenience.

The bill alleges that plaintiff was hired by Albert Pardo on behalf of himself and the other defendant, Jack Pardo, as coöwners of a business, to organize and manage defendants' factory and to be compensated for his services as organizer and manager on the basis of a fixed salary, plus a bonus at varying percentage rates according to the gross business done; that after a year's employment plaintiff was discharged and that defendants have failed to account to him for the bonus called for by the agreement. Discovery is sought of the necessary financial information from which to calculate the bonus claimed.

The answer denied that Albert Pardo was or is the coöwner of the enterprise; that Albert Pardo's arrangements with plaintiff were made only as an agent for his brother, Jack Pardo; denied that plaintiff was hired as an organizer of the factory; averred that plaintiff was hired as a supervisor at a fixed salary, which was duly paid to him, and that at the end of a year's service plaintiff was discharged for incompetence; denied that any arrangement for bonus was agreed to at any time, and averred that the bonus issue was only raised by plaintiff after his discharge. It is admitted that defendants have records of their business, but denied that plaintiff's position as employe entitles him to any accounting.

Although it does not appear by the answer, the statement was made at the argument and by brief that plaintiff is now a business competitor of these defend-

ants and that it would be inequitable to allow him to go on a fishing expedition into defendants' books.

If the position of plaintiff with reference to his employment by defendants was that of a mere employe on a fixed salary basis, obviously he is not entitled to an accounting. Likewise, he would not be entitled to discovery, and in order to defeat a discovery in these proceedings, the answer would have to raise the issue. The same issue naturally would occur in the assumpsit action to which the same facts, if proven to the satisfaction of a jury, would be a complete defense. The issue, therefore, will have to be tried either in equity or in assumpsit, and it seems unreasonable to try it in both places, unless there is some compelling reason of convenience. The next term at which an equity case could be tried in this court opens on September 12, 1949, and is followed immediately by a term of common pleas opening on September 19th. The current state of our common pleas trial list permits cases to be ordered up for trial within two or three months after they are commenced. Plaintiff's suit in assumpsit, which was filed to January term, 1949, assuming the pleadings have been completed, ought, therefore, to reach the September trial list. If the issue of discovery or not is tried in equity in September, a final decision by the court en banc could not be expected for several months thereafter, thus imposing a serious delay as to the trial of the action at law. If the basic question as to plaintiff's status as an employe entitled to a percentage bonus is tried in assumpsit, to be followed by an accounting according to permissible procedure, his cause will be greatly accelerated and defendants' right to privacy for their business information will be preserved until it is clearly demonstrated that plaintiff has a legal right to invade such privacy.

Upon consideration of these factors, it seems to us that the reason of convenience for justifying discovery

in the face of an otherwise adequate remedy at law now disappears.

We, therefore, decide, first, that the answer is sufficient to raise an issue for trial as to the necessity for discovery, and, second, that there is an adequate remedy at law which may be, under the circumstances, much more convenient than the discovery sought. Hence, we must dismiss the objections to the answer and leave plaintiff to his choice to proceed to trial in an equity action on the question of a discovery, or to proceed with his assumpsit action and prove his right to an accounting therein.

Now, June 1, 1949, the preliminary objections to the answer to the bill in equity filed in the above-entitled action are dismissed.